# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RODNEY WHITE (#123606)**  CIVIL ACTION NO.

**VERSUS**  19-761-JWD-SDJ

**JIM HOLT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 17, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY WHITE (#123606)                               CIVIL ACTION NO.

VERSUS                                                           19-761-JWD-SDJ

JIM HOLT, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Rodney White, an inmate confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's Complaint be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### I.   Background

Plaintiff instituted this action pursuant to 42 U.S.C. § 1983 against Jim Holt and Darrell Citanovich alleging these defendants violated his constitutional rights due to their ineffective representation in his criminal trial. The defendants were White's defense lawyers, and the plaintiff alleges the defendants "acted in interest and in concert with the prosecutor, deliberately hindering Plaintiff from preparing and presenting a defense of insanity."[2] Plaintiff seeks declaratory relief.[3]

### II.   Law & Analysis

#### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 5.
[3] R. Doc. 1, p. 6.

frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[4] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[8]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

---

[4] § 1915(e) provides a procedural mechanism for dismissal of actions against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*. § 1915A provides a procedural mechanism for dismissal of claims by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on November 6, 2019 (R. Doc. 3) so both statutes apply.

[5] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[7] *Denton,* 504 U.S. at 32.

[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[9] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).

[10] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Id.*

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[13]

### B. Plaintiff's Claims are Barred by *Heck v. Humphrey*

In *Heck v. Humphrey*,[14] the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[15]

In White's Complaint, his claims center solely around the allegation that counsel at his trial were ineffective. A claim of ineffective assistance is barred by *Heck*, as it implies the invalidity of the plaintiff's conviction and sentence.[16] Because the plaintiff does not allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question in any way, his claims lack merit. As Plaintiff's Complaint challenging the constitutionality of his sentence and continued imprisonment is barred by *Heck v. Humphrey*, the Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. § 1915A.[17]

---

[13] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[14] 512 U.S. 477 (1994).
[15] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[16] *Lenoir v. Howard*, 579 Fed.Appx. 227, 228 (5th Cir. 2012) *citing Stephenson v. Reno*, 28 F.3d 25, 27-28 (5th Cir. 1994).
[17] Though the plaintiff only seeks declaratory relief, that relief would necessarily imply the invalidity of his conviction and sentence and is thus, barred by *Heck*. *See Shaw v. Harris*, 115 Fed.Appx. 499, 500 (5th Cir. 2004). ("A decision granting Shaw injunctive or declaratory relief on her allegations of…ineffectiveness of counsel…would necessarily imply that her conviction was invalid. Thus, all of those claims are barred by *Heck*.").

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this case be **CLOSED**.[18]

Signed in Baton Rouge, Louisiana, on July 17, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.

4